UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
MARK A. FASCIANA,

                    Plaintiff,

          -against-                          MEMORANDUM & ORDER
                                             13-CV-1885(JS)(ARL)
THE COUNTY OF SUFFOLK, and
HYUNDAI CAPITAL AMERICA, INC.
f/k/a HYUNDAI MOTOR FINANCE
COMPANY,

                    Defendants.
---------------------------------------X
APPEARANCES
For Plaintiff:         Andrew J. Campanelli, Esq.
                       Campanelli & Associates, P.C.
                       1757 Merrick Avenue, Suite 204
                       Merrick, NY 11566

For Defendants
County:                Christopher M. Gatto, Esq.
                       Suffolk County Attorney's Office
                       H. Lee Dennison Building, 5th Floor
                       100 Veterans Memorial Highway
                       Hauppauge, NY 11788

Hyundai:               No appearances.

SEYBERT, District Judge:

          Plaintiff  Mark  A.  Fasciana  ("Plaintiff")  commenced

this action on April 5, 2013 against defendants Suffolk County

(the "County") and Hyundai Capital America Inc. f/k/a Hyundai

Motor Finance Company ("Hyundai" and together with the County,

"Defendants") pursuant to 42 U.S.C. §§ 1983 and 1988 to redress

violations of the Fourth, Eighth, and Fourteenth Amendments to

the United States Constitution.   Currently pending before the

Court is the County's motion to dismiss the Complaint.  For the following reasons, the County's motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

I. Factual Background

Plaintiff alleges that, at all relevant times, he was the owner of a 2009 Hyundai bearing Vehicle Identification Number 5NMSH13EX9H232178.  (Compl. ¶ 11.)  According to the Complaint, on December 21, 2011, the County seized Plaintiff's vehicle "pursuant to a seizure program within which it: (a) seizes and retains possession of motor vehicles, and (b) subjects such vehicles to civil forfeiture, as 'the instrumentalities of a crime.'"[1]  (Compl. ¶ 12.)

Thereafter, Plaintiff was afforded a retention hearing regarding the vehicle, at the conclusion of which the County's hearing officer ordered Plaintiff to execute a General Release to release the County of all liability before the vehicle would be returned to Plaintiff.  (Compl. ¶ 29.)  Plaintiff refused to sign the release and, accordingly, the County has withheld his vehicle.  (Compl. ¶ 31.)

---

[1] Plaintiff was apparently arrested for driving under the influence and the County seized his vehicle in connection with that arrest.  (See County's Br., Docket Entry 11, at 2.)

II. <u>Legal Framework</u>[2]

Plaintiff maintains that the County and its appointed hearing officers have systematically acted in defiance of both the Fourteenth Amendment Due Process requirements articulated in <u>Krimstock v. Kelly</u> and the requirements of the Suffolk County Code. (Compl. ¶ 20.)

In <u>Krimstock v. Kelly</u>, 306 F.3d 40 (2d Cir. 2002) ("<u>Krimstock I</u>"), the Second Circuit held that, although the police can temporarily seize a vehicle while arresting a drunk driver, the municipality cannot indefinitely hold the vehicle pending resolution of a civil forfeiture proceeding. Instead, the Second Circuit found that "the Fourteenth Amendment guarantee that deprivations of property be accomplished only with due process of law requires that plaintiffs be afforded a prompt post-seizure, pre-judgment hearing before a neutral judicial or administrative officer." <u>Id.</u> at 67. The Circuit "decline[d] to dictate a specific form for the prompt retention hearing," but held that "at a minimum, the hearing must enable claimants to test the probable validity of continued deprivation of their vehicles, including the [municipality]'s probable cause for the initial warrantless seizure" and "whether less drastic

<hr>

[2] This Court has previously summarized the legal framework of <u>Krimstock</u> and its progeny in <u>Ferrari v. County of Suffolk</u>, No. 10-CV-4218, 2013 WL 4017022 (E.D.N.Y. Aug. 6, 2013) ("Ferrari SJ"). The Court reiterates this framework in the current Memorandum and Order.

measures than impoundment, such as a bond or a restraining order, would protect the [municipality]'s interest in the allegedly forfeitable vehicle during the pendency of proceedings." Id. at 69-70. The Circuit, in a footnote, also stated that "[a] claimant's proven history of persistent drunkenness or repeated DWI violations . . . might justify a fact-finder in denying release of the vehicle pendente lite." Id. at 66 n.28. The case was remanded to the district court to "fashion[] appropriate relief." Id. at 70.

On remand, the district court concluded that due process requires that, at a post-seizure hearing, the municipality prove by a preponderance of the evidence that: (1) "probable cause existed for the arrest of the vehicle operator," (2) "it is likely that the [municipality] will prevail in an action to forfeit the vehicle," and (3) "it is necessary that the vehicle remain impounded in order to ensure its availability for a judgment of forfeiture." Krimstock v. Kelly, No. 99-CV-12041, 2007 U.S. Dist. LEXIS 82612, at *2 (S.D.N.Y. Sept. 27. 2007).[3] A neutral magistrate must "decide those issues by a statement of findings on the record, or by a written statement to be made a matter of record." Krimstock, 2005 U.S. Dist.

---

[3] There were actually multiple orders issued by the district court on remand. The decision cited above is the "Third Amended Order & Judgment." A detailed summary of Krimstock's relevant procedure history can be found in Krimstock v. Kelly, 506 F. Supp. 2d 249, 251-53 (S.D.N.Y. 2007).

LEXIS 43845, at *4; accord Krimstock, 2007 U.S. Dist. LEXIS 82612, at *3.  If the municipality fails to meet its burden on any of the three Krimstock elements, the vehicle must be returned.  See Krimstock, 2005 U.S. Dist. LEXIS 43845, at *6-7; Krimstock, 2007 U.S. Dist. LEXIS 82612, at *3.

Shortly after Krimstock I was decided, the New York Court of Appeals took up the issue and also concluded that due process requires "a prompt post-seizure retention hearing" where the municipality must "establish that probable cause existed for the defendant's initial warrantless arrest, that it is likely to succeed on the merits of the forfeiture action, and that retention is necessary to preserve the vehicle from destruction or sale during the pendency of the proceeding." Cnty. of Nassau v. Canavan, 1 N.Y.3d 134, 144-45, 770 N.Y.S.2d 277, 286, 802 N.E.2d 616, 625 (2003) (citation omitted).

Courts in New York have consistently looked to the three requirements articulated in both the Krimstock line of cases and Canavan when analyzing whether a post-seizure vehicle retention hearing comports with due process, see, e.g., Boyle v. Cnty. of Suffolk, No. 10-CV-3606(JS)(ARL), 2010 WL 4340627, at *2 (E.D.N.Y. Oct. 19, 2010); Price v. Prop. Clerk of N.Y.C. Police Dep't, 74 A.D.3d 1078, 1079, 903 N.Y.S.2d 142, 144 (2d Dep't 2010), and the Krimstock standard has been incorporated

into the Suffolk County Administrative Code, which states, in relevant part, as follows:

> [T]here will be a hearing promptly scheduled before a neutral magistrate to determine whether probable cause existed for the defendant's warrantless arrest, whether the County is likely to succeed on the merits of the forfeiture action, whether retention is necessary to preserve the vehicle from destruction or sale during the pendency of the forfeiture proceeding, and whether any other measures would better protect the County's interest during the proceedings, including, but not limited to:
>
> (a) Issuance of a restraining order prohibiting the sale, transfer, or loss of the vehicle with imposition(s) of appropriate penalties for violation of said restraining order;
>
> (b) Taking of a bond; and/or
>
> (c) Use of an interlock device.

(Gatto Decl., Docket Entry 13, Ex. J.)[4]

With this framework in mind, then, Plaintiff asserts that the County and its hearing officers have taken the position that they will not release a vehicle back to their owners unless the respective owner executes a General Release, releasing the County of any and all liability. (Compl. ¶ 22.) This is true "irrespective of the County's failure to satisfy its burdens at a retention hearing, as they were articulated in Krimstock."

---

[4] At the time of seizure, Section 270-26 of the Suffolk County Administrative Code was the operative section of the Code. Section 270-26 has become Section 420-6, which contains identical language. See http://ecode360.com/14945224.

(Compl. ¶ 23.)   Thus, rather than providing an appropriate retention hearing before a neutral officer, the County has either failed to train its County Attorneys or Judicial Hearing Officers or has trained them to refuse to require the County to establish (a) that the County is likely to succeed on the merits of a forfeiture action, (b) that retention of the vehicle is necessary to prevent its destruction, sale or removal from the jurisdiction, or (c) that nothing short of retention would suffice to preserve the County's interests while a forfeiture action is pending.   (Compl. ¶¶ 82-83.)

DISCUSSION

The Court will first address the applicable legal standard before turning to the merits of the County's motion to dismiss Plaintiff's Complaint.

## I. Legal Standard

### A. Rule 12(b)(1)[5]

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).   In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other

---

[5] The County asserts that it is moving under both Rule 12(b)(1) and 12(b)(6).   (See County's Br. at 1.)

materials beyond the pleadings to resolve jurisdictional questions. See Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010). The court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of the plaintiff because subject matter jurisdiction must be shown affirmatively. See id.; Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Morrison, 547 F.3d at 170.

B. Rule 12(b)(6)

In deciding Rule 12(b)(6) motions to dismiss for failure to state a claim, the court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); accord Harris, 572 F.3d at 72. Second, only complaints

that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. <u>Iqbal</u>, 556 U.S. at 679 (citing <u>Twombly</u>, 550 U.S. at 556). Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> (citation omitted); <u>accord</u> <u>Harris</u>, 572 F.3d at 72.

## II. The County's Motion

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. Thus, to properly plead a Section 1983 claim, a plaintiff must allege that: (1) the defendant acted under color of state law and (2) as a result of defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or laws of the United States. <u>See</u> <u>Am. Mfr. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130, 143 (1999).

The County moves to dismiss Plaintiff's Complaint for, inter alia, failure to state a claim. The Court will address each of Plaintiff's claims, and the County's arguments, in turn.

A. Procedural Due Process

The County's argument for dismissal of Plaintiff's procedural due process claim rests on two primary grounds: (1) Plaintiff was afforded all of the process that is due under applicable federal law, including Krimstock and the Suffolk County Code, and (2) Plaintiff's failure to bring an Article 78 proceeding precludes his due process claim under Section 1983. The Court finds that both arguments are meritless.

To prevail on a procedural due process claim, Plaintiff must show that he: (1) had a "protected liberty or property interest" and (2) was "deprived of that interest without due process." McMenemy v. City of Rochester, 241 F.3d 279, 286 (2d Cir. 2001) (internal quotation marks and citation omitted). It is undisputed that Plaintiff had a protected property interest in his vehicle. At issue is whether he was afforded adequate process.

The County maintains that Plaintiff was afforded adequate process because Plaintiff had a prompt retention hearing pursuant to Krimstock and its progeny as well as the Suffolk County Code, and the magistrate addressed each of the Krimstock prongs. Specifically, the magistrate determined that

there was probable cause for the arrest, found that the County could prevail on the merits, and addressed whether continued impoundment was an appropriate remedy. (County's Br. at 14-15.) Although the County argued that retention was necessary, the magistrate determined that "the appropriate remedy was to release the vehicle to Plaintiff on the condition that he post a bond in order to protect against destruction or sale." (County's Br. at 15.) Thus, given these events, the County maintains that Plaintiff received all process to which he was entitled.

Plaintiff, however, counters that

defendant has maintained a practice under which, at the conclusion of retention hearings within which the County does not satisfy the Krimstock three prong test, its hearing officers essentially order the County to retain continuing possession of seized vehicles indefinitely, unless and until each respective owner signs a General Release in favor of the County.

(Pl.'s Opp. Br., Docket Entry 12, at 12 (emphasis in original).) The Court agrees with Plaintiff that he has adequately stated a claim for violation of his procedural due process rights.

Krimstock and its progeny, including the Suffolk County Code, make clear that a neutral magistrate must determine probable cause for the arrest, the County's likelihood of success on the merits, and whether retention is necessary. Where the municipality cannot meet its burden on any of the

three prongs, the vehicle must be returned.  See Krimstock, 2007 U.S. Dist. LEXIS 82612, at *3 ("Absent a timely finding by the OATH judge that the Police Department has met the burden of proof as to the issues at the hearing, the vehicle shall be released to the claimant within 10 days without prejudice to further proceedings, including a forfeiture proceeding."). Release of the vehicle is not contingent on any other condition, agreement, or circumstance.  In fact, such contingency would render Krimstock a nullity.  Cf. Ezagui v. City of N.Y., 726 F. Supp. 2d 275, 286 (S.D.N.Y. 2010) ("Accepting Defendants' argument would render irrelevant the procedural protections provided by Krimstock and provide significant disincentive for the police to give the required notice, because any delay in notice, no matter how long, could be excused by a state court judge's subsequent approval of the retention.").

At its core, Plaintiff's procedural due process claim asserts that, while the County and its hearing officers superficially comply with due process mandates, in practice such compliance is a sham.  Courts have found allegations such as this adequately state a claim for violation of procedural due process.  See, e.g., Nnebe v. Daus, No. 06-CV-4991, 2013 WL 4494452, at *7 (S.D.N.Y. Aug. 22, 2013) (after remand from the Second Circuit, denying summary judgment in either parties' favor because there were questions of fact as to whether the

City, in practice, actually applies the official standard for post-license suspension hearings).

Furthermore, the County's assertion that "the mere fact that Plaintiff was directed to execute a general release is insufficient to overcome the presumption that the hearing officer was unbiased" is unavailing. (County's Br. at 15.) "Due process requires a 'fair trial in a fair tribunal.'" Padberg v. McGrath-McKechnie, 203 F. Supp. 2d 261, 287 (E.D.N.Y. 2002) (quoting Withrow v. Larkin, 421 U.S. 35, 46, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975)). While it is true that there is a presumption that the hearing officer is unbiased, see id., Plaintiff sufficiently alleges that the County's hearing officers systemically come to a predetermined resolution in the County's favor--"ordering" continued retention of the vehicle absent a General Release regardless of whether the County has satisfied its burden. See Bailey v. Suffolk Cnty. Police Dep't, 28 Misc.3d 1216(A), *4, 958 N.Y.S.2d 59 (Dist. Ct. Suffolk Cnty. 2010) ("It is not even a colorable argument to assert that the [hearing officer] was acting in a neutral judicial capacity if in fact he ordered the execution of a general release after he released the car and made a finding of lack of probable cause for arrest and impound." (emphasis in original))[6].

---

[6] The Court rejects the County's assertion that Bailey is inapposite because "[h]ere, the magistrate did not make any

In addition, the County argues that Plaintiff's failure to avail himself of state procedural remedies such as an Article 78 proceeding precludes his due process claim under Section 1983. Again, the Court disagrees.

"'[T]he Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees.'" Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458, 465 (2d Cir. 2006) (quoting Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 880 (2d Cir. 1996)). While an Article 78 proceeding generally satisfies due process "if the deprivation is caused by random, unauthorized state conduct," Kraebel v. N.Y.C. Dep't of Hous. Pres. & Dev., 959 F.2d 395, 404 (2d Cir. 1992) (citing Parratt v. Taylor, 451 U.S. 527, 543, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)); Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)), an Article 78 proceeding is not sufficient where "it is the state system itself that destroys a complainant's property interest, by operation of law," Logan v. Zimmerman Brush Co., 455 U.S. 422, 436, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982); see also

---

finding that the County lacked probable cause for the seizure of Plaintiff's vehicle in the first instance." (County's Br. at 16.) More significant than the distinction regarding probable cause is that that the hearing officer determined that the County had not met its burden under Krimstock and that the vehicle should be released to Plaintiff.

<u>Hellenic Am. Neighborhood Action Comm.</u>, 101 F.3d at 880 ("When the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, <u>ipso facto</u>, satisfy due process."); <u>Van Oss v. New York</u>, 783 F. Supp. 2d 681, 695 (S.D.N.Y. 2011) ("[W]here the deprivation is systemic, litigants have a well-established right to pursue their claims in federal court without resorting to state judicial remedies.").

In the closely analogous case of <u>Ferrari v. County of Suffolk</u>, the County made--and the Court rejected--this very argument. There, this Court specifically noted that

> the issue is not whether [the hearing officer] was a lone judge who randomly misapplied the law or whether Assistant County Attorney Green arbitrarily attempted to shift the burden to Plaintiff . . . . Rather, the issue is whether the County's procedures for vehicle retention hearings, in fact, ignore <u>Krimstock</u> and the Suffolk County Administrative Code.

<u>Ferrari SJ</u>, 2013 WL 4017022, at *8. Thus, this Court held that "[b]ecause the deprivation here is allegedly systemic, and not random, the availability of an Article 78 proceeding does not bar Plaintiff's claim." <u>Id.</u> Similarly, here, Plaintiff has alleged systemic violations and, accordingly, the availability of an Article 78 proceeding does not preclude Plaintiff's procedural due process claim.

Accordingly, the County's motion to dismiss Plaintiff's procedural due process claim is DENIED.

B. Substantive Due Process

The County moves to dismiss Plaintiff's substantive due process claim because "[t]he County's actions do not rise to the 'conscience-shocking level' required to support a claim of denial of substantive due process." (County's Br. at 19.) The Court agrees that Plaintiff's substantive due process claim should be dismissed, but for reasons other than those articulated by the County.

To prevail on a substantive due process claim, Plaintiff must establish that the County infringed on a protected liberty or property interest in an arbitrary or irrational manner that shocks the conscience. See Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999); Local 342 v. Town Bd., 31 F.3d 1191, 1196 (2d Cir. 1994). However, as this Court explained in Ferrari, not all property rights are entitled to the protections of substantive due process. Ferrari SJ, 2013 WL 4017022, at *9 (citing Local 342, 31 F.3d at 1196.) Specifically, "[s]ubstantive due process protects only those interests that are 'implicit in the concept of ordered liberty.'" Local 342, 31 F.3d at 1196 (quoting Palko v. Connecticut, 302 U.S. 319, 325, 58 S. Ct. 149, 82 L. Ed. 2d 288 (1937)). In other words, substantive due process protects

rights that are "so rooted in the traditions and conscience of our people as to be ranked as fundamental," United States v. Salerno, 481 U.S. 739, 751, 107 S. Ct. 1439, 123 L. Ed. 2d 1 (1993), such as "matters relating to marriage, family, procreation, and the right to bodily integrity," Albright v. Oliver, 510 U.S. 266, 272, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

Thus, as in Ferrari, "[t]he Court finds that Plaintiff's property interest in his vehicle is not the type of fundamental right subject to substantive due process protections." Ferrari SJ, 2013 WL 4017022, at *9 (citing Wrench Transp. Sys., Inc. v. Bradley, 340 F. App'x 812, 816 (3d Cir. 2009)); (see also Pl.'s Opp. Br. at 11 (noting that the property interest in this case is that of "[P]laintiff's automobile and the use and enjoyment thereof).).

Accordingly, the County's motion to dismiss Plaintiff's substantive due process claim is GRANTED and such claim is DISMISSED WITH PREJUDICE.

C. Monell Liability

The County next asserts that Plaintiff's claim of municipal liability should be dismissed because he has failed to allege sufficient factual allegations to support a plausible claim. The Court disagrees.

To properly plead a Section 1983 claim against a municipality, Plaintiff must allege: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees. Sulehria v. City of N.Y., 670 F. Supp. 2d 288, 320 (S.D.N.Y. 2009); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002).

Here, Plaintiff alleges several forms of potential liability. He alleges that the County and its hearing officers

had a policy of not requiring the County to demonstrate likelihood of success on the merits and that no means short of retention can protect the County's interest (Compl. ¶¶ 78-82), that the County trained its attorneys and hearing officers to refuse to require the County establish such elements (Compl. ¶ 82), and that, alternatively, the County failed to train its hearing officers to require the County to establish likelihood of success on the merits, retention was necessary, and no means short of retention would suffice to preserve the County's interest (Compl. ¶ 83).

Contrary to the County's assertion that Plaintiff asserts "only conclusory and 'boilerplate' allegations" (County's Br. at 22), the Complaint is replete with various examples of prior instances in which a hearing officer required a General Release regardless of the County's ability to satisfy its burden under Krimstock and its progeny.[7] (See, e.g., Compl. ¶¶ 62-77.)

While the County may take issue with whether these specific cases are indeed analogous to the case at hand, such arguments are not appropriate for a motion to dismiss. In any

_____

[7] As the parties have narrowed their arguments generally to the issue of required General Releases, the Court has likewise limited its discussion. However, the Complaint also includes allegations that the County and its hearing officers erroneously shift the burden to vehicle owners to show why they need their vehicle. (See, e.g., Compl. ¶¶ 38-41.)

19

event, the County admits that the Complaint identifies four cases in which vehicle owners were required to execute releases. (County's Br. at 23.)  Once again, this is an argument that the County has made to this Court previously, and that the Court has explicitly rejected.  See Ferrari v. Cnty. of Suffolk, No. 10-CV-4218, 790 F. Supp. 2d 34, 46 (E.D.N.Y. 2011) ("Ferrari MTD") ("Three instances (including Plaintiff's own claim) might not suffice to overcome summary judgment[, b]ut at this stage, they do permit a plausible inference of a widespread practice or informal custom within Suffolk County.").

Accordingly, the County's motion to dismiss Plaintiff's claim for municipal liability is DENIED.

D. Injunctive Relief

Finally, the County argues that Plaintiff's claim for injunctive relief should be dismissed because Plaintiff has not sufficiently alleged irreparable harm.  Specifically, the County asserts that "[t]he fact that Plaintiff received a purportedly unconstitutional hearing in the past does not translate into a real and immediate threat of future injury to Plaintiff." (County's Br. at 21.)  The Court disagrees.

In order to adequately plead a request for injunctive relief, Plaintiff must allege: "1) irreparable harm absent injunctive relief; 2) either a likelihood of success on the merits, or a serious question going to the merits to make them a

fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor, and 3) that the public's interest weighs in favor of granting an injunction." Metro. Taxicab Bd. of Trade v. City of N.Y., 615 F.3d 152, 156 (2d Cir. 2010) (internal quotation marks and citation omitted); see also Aguilar v. Immigration & Customs Enforcement Div. of the U.S. Dep't of Homeland Sec., 811 F. Supp. 2d 803, 823 (S.D.N.Y. 2011) ("For the plaintiffs to allege sufficient claims for injunctive relief, they must allege both that they have standing to bring those claims and that they have asserted the necessary elements for a claim of injunctive relief, particularly irreparable harm.").

As the County has asserted only a lack of irreparable harm, the Court will limit its discussion accordingly. "To satisfy the irreparable harm requirement, Plaintiff[ ] must demonstrate that absent a preliminary injunction [he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks and citation omitted). Contrary to the County's assertion, however, Plaintiff's alleged harm is neither speculative nor prospective. In fact, Plaintiff has

alleged constitutional deprivations that continue to date. (See, e.g., Compl. ¶¶ 31, 109.)

Accordingly, the County's motion to dismiss Plaintiff's claim for injunctive relief for lack of irreparable harm is DENIED. See Boyle, 2010 WL 4340627, at *5 ("Because Mr. Boyle has neither received fair process nor had his car returned, this violation remains ongoing. Thus, Mr. Boyle has met the irreparable harm prong.").

## CONCLUSION

For the foregoing reasons, the County's motion is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Plaintiff's claim for substantive due process, which is DISMISSED WITH PREJUDICE. The County's motion is otherwise DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     February   7  , 2014
           Central Islip, NY